The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Special Deputy Commissioner Barnes and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except the addition of Finding Of Fact Number Three.
*******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time an employment relationship existed between plaintiff and defendant-employer.
3. Defendant-employer was insured for Workers' Compensation at that time by Liberty Mutual Insurance Company.
4. The parties agreed to stipulate into evidence a booklet of twenty pages of medical records. The parties also agreed to stipulate into evidence a packet of weather information documents, marked Stipulated Exhibit Number One.
*******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On October 29, 1993, plaintiff, a forty-five year old male, was employed as a truck driver by defendant-employer. Plaintiff was stopped around 9:00 p.m. at Flying J Truck Stop in Lymon, Colorado. Weather conditions were very poor, cold and icy. Plaintiff was walking up the wheelchair ramp to the truck stop, which was covered with a solid sheet of ice, when he slipped on the ice and his legs went out from under him, causing him to fall on his right side.
2. The evening of plaintiff's fall, October 29, 1993, plaintiff reported the incident to a supervisor, Danny Nicholson, Sr., by telephone. Plaintiff reported that the injury to Danny Nicholson, Jr. the following morning by telephone.
3. Plaintiff's testimony is accepted as credible and given greater weight than the conflicting testimony of defendants' witnesses.
4. Plaintiff's hip and leg bothered him immediately but he had to complete his trip for the employer and he continued to work. Plaintiff's condition continued to worsen until he could no longer work as a truck driver for defendant-employer.
5. Plaintiff sought medical treatment from Jesus Gonzalez, M.D. on December 6, 1993. Dr. Gonzalez ordered x-ray reports and the radiologist Dr. Paul Beerman noted a fragmented right femoral head, which he surmised was likely secondary to aseptic necrosis. Dr. Gonzalez referred plaintiff to orthopedist, Dr. Rick Parsons.
6. Plaintiff initially saw Dr. Parsons on December 8, 1993. Dr. Parsons diagnosed a collapse of plaintiff's right femoral head.
7. Dr. Parsons recommended and plaintiff proceeded with hip replacement surgery on January 17, 1994.
8. As a result of his fall on October 29, 1993, plaintiff sustained a hip and leg injury which resulted in hip replacement surgery. As a result of the surgery, plaintiff was temporarily total disabled from December 8, 1993 to May 10, 1994.
9. As a result of the incident on October 29, 1993, plaintiff sustained thirty-seven percent permanent partial disability to his right leg.
10. The life span of hip replacement surgery is ten to twenty years. it is likely plaintiff will require future medical treatment, including a repeat hip replacement within that time period.
11. On October 29 1993, plaintiff's average weekly wage with defendant-employer was $681.93, yielding a compensation rate of $454.58.
*******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Considering the greater weight given to the testimony of the plaintiff than to defendants' witnesses, on October 29, 1993 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6); Weaver v. American National Can Corp.123 N.C. App. 507(1996).
2. On October 29, 1993 plaintiff's average weekly wage was $681.93, yielding a compensation rate of $454.58. N.C. Gen. Stat. § 97-2(5).
3. As a result of his injury by accident on October 29, 1993, plaintiff is entitled to temporary total disability compensation at the rate of $454.58 per week from December 8, 1993 to May 10, 1994. N.C. Gen. Stat. § 97-29.
4. As a result of his injury by accident on October 29, 1993, plaintiff sustained a thirty-seven percent permanent partial disability to his lower extremity for which he is entitled to compensation at the rate of $454.58 per week for a period of seventy-four weeks. N.C. Gen. Stat. § 97-31(15).
5. As a result of his injury by accident on October 29, 1993, defendant is responsible for payment of all plaintiff's medical expenses resulting from said injury by accident, including future medical expenses. N.C. Gen. Stat. § 97-25.
*******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay temporary total disability compensation to plaintiff at the rate of $454.58 per week from December 8, 1993 to May 10, 1994, payable in a lump sum subject to the counsel fee herinafter approved.
2. For plaintiff's permanent partial disability, defendant shall pay plaintiff compensation for a period of seventy-four weeks at a rate of $454.58 per week. Said sum shall be paid in a lump sum subject to the counsel fees approved herein.
3. Defendant shall pay all medical expenses incurred, including future medical expenses, as a result of his injury by accident on October 29, 1993.
4. A reasonable attorneys fee of twenty-five percent of the compensation due plaintiff under Paragraph 1 and Paragraph 2 of this Award approved for plaintiff's counsel. Such fee shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel.
5. Defendant shall pay the costs due this Commission, including an expert witness fee in the amount of $425.00 which has been paid by plaintiff and should be reimbursed to plaintiff.
This the 22nd day of August 1997.
 S/ ______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________ THOMAS J. BOLCH COMMISSIONER
S/ ______________________ GEORGE T. GLENN II DEPUTY COMMISSIONER